QUIGLEY, Appellant, *v.* McINTOSH, Respondent.

(No. 6,644.)

(Submitted June 29, 1930. Decided July 19, 1930.)

[290 Pac. 266.]

*Mr. S. P. Wilson,* for Appellant, submitted a brief and argued the cause orally.

*Mr. W. E. Keeley,* for Respondent, submitted a brief and argued the cause orally.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

Rights to the use of the waters of Ophir Creek were adjudicated by the district court of Powell county in a decree bearing date March 28, 1928, hereafter referred to as the original decree, wherein John R. Quigley and others were plaintiffs and Ophir Mining Company and others were defendants. These rights, bearing various dates from 1865 to 1912, aggregate 1,650 inches. Three of the earliest, aggregating 650 inches, were appropriated for placer mining, and their future use is confined to that activity exclusively; the rest were and are for irrigation, "domestic and other useful and beneficial purposes." After the entry of the decree, John R. Quigley, now called plaintiff, being desirous of making an additional appropriation of the waters of Ophir Creek, commenced this action against the defendants pursuant to the provisions of sections 7119 et seq., Revised Codes 1921. He alleged, *inter alia,* the rendition and entry of the decree above referred to, set forth his need of water for irrigation, alleged that the annual flow of water in Ophir Creek is more than sufficient to satisfy the needs and requirements of all of the rights recognized and fixed in the decree, and that during the months of May and June and down to about July 15 of each year, the flow of water in the creek actually exceeds the needs and requirements of all appropriators as adjudicated, and much goes to waste; it is alleged that the amount of water which goes to waste, not being used by anyone, varies from over 2,000 inches in June to 500 inches during the first half of

July. This, plaintiff calls "surplus water." Under appropriate allegations he asked that he be permitted to appropriate and to divert from Ophir Creek 1,000 inches as an additional water right. He declared that the water right sought by him "shall be subject to, and that in the use thereof he shall be bound by the terms of the decree" hereinabove mentioned.

After trial, the court made findings of fact and conclusions of law. In the findings the original decree is set out in full. The court found that plaintiff requires for irrigation the amount of water he sought to appropriate, and that the annual flow in Ophir Creek at times during the irrigating season of each year is more than sufficient to satisfy the needs and requirements of all the decreed users of water as set forth in the original decree, and at times during the irrigating season of each year such excess flow of water is more than 800 miner's inches. It then found in effect that plaintiff had complied with the provisions of the statute (secs. 7119 et seq.), in seeking to appropriate the water right claimed by him and by virtue thereof was entitled to an appropriation to the extent of 800 inches, or 20 cubic feet of water per second of time.

Finding of fact No. 15 is as follows: "That the plaintiff and petitioner herein shall cease to divert the water of Ophir Creek under any decree entered herein when the quantity or volume of water flowing in said Ophir Creek at plaintiff's point of diversion * * * shall be equal to or less than that of the decreed water rights prior to the right of the plaintiff fixed and allowed herein as of April 14th, 1928." Conclusion of law No. 3 is an exact restatement of finding No. 15.

Immediately after the filing of the court's findings of fact and conclusions of law, plaintiff excepted to finding of fact No. 15 and conclusion of law No. 3, upon the ground that the restriction upon plaintiff's right to make use of the water flowing in the stream is unwarranted and improper, arguing that plaintiff should not be denied the use of the water except at such times as other decreed users have need of the same.

In its order overruling plaintiff's exceptions the court explained its view of the law. Thereupon the court rendered and ordered entered a decree wherein it specifically adopted its findings of fact and conclusions of law, awarding plaintiff an appropriation of 800 inches as of April 14, 1928, subject to the terms of the original decree (the decree in cause No. 1185). The final paragraph of the new decree is as follows:

"It is ordered, adjudged and decreed, that said plaintiff and petitioner herein, under the appropriation of water above decreed to him, shall cease to divert the waters of Ophir Creek when the quantity or volume of water flowing in said Ophir Creek at plaintiff's point of diversion * * *˙ shall be equal to or less than that of the decreed water rights prior to the right of the plaintiff as the same was decreed, fixed and allowed in the decree in Cause No. 1185, above referred to; this shall not, however, be construed to prevent the plaintiff and petitioner from using any of the decreed waters of said Ophir Creek at such time or times as the same may not be used for some useful or beneficial purpose by any of the decreed users thereof, to the same extent that he would have had the right to use the same under the decree so entered in said Cause No. 1185, above referred to, nor shall the same be construed to deprive the said plaintiff of the right to use any un-used water of Ophir Creek which he would have had if this proceeding had not been instituted."

Plaintiff has appealed. His counsel contends here, as he did in the court below, that finding of fact No. 15 and conclusion of law No. 3 place unwarranted restrictions upon his right, and that the concluding paragraph of the decree, above quoted, does not clarify the situation. Counsel for defendants, on the other hand, attempts to maintain that by the concluding paragraph of the decree plaintiff is given all the relief which he seeks on this appeal.

In view of the issues presented by the pleadings and of the subject matter, we agree with counsel for plaintiff when he says that which is denominated finding of fact No. 15 is not

a finding of fact at all; it is in effect nothing but a direction of the court respecting the use of the additional water right.

In its order overruling plaintiff's exceptions, the court sets forth that the allegations of the complaint indicate a desire on the part of plaintiff "to appropriate flood water and water in excess of all adjudicated and decreed rights" in the original decree, and says this seems to be the intent of section 7119, supra. "If that is the meaning of the statute," says the court, "then the right of an appropriator of flood water under the decree to be entered herein ceases when the flood water ceases, or when the flow of the stream is equal to or less than the total amount of the decreed water rights. * * * The decree to be entered herein cannot be used by the plaintiff to justify the diversion and use of water decreed to another. * * * " Further on the court remarks: "The plaintiff may under certain circumstances have the right or may acquire the right, to divert and use the waters decreed to another when not used by those having a prior right to the right of plaintiff, but the decree to be entered in this action does not confer that right; that right, if it exists, exists independently of this decree."

It is apparent to us that the trial court misconceived the intent and purpose of the statute relating to the appropriation of water in adjudicated streams. We have heretofore referred to the mischief which the legislature sought to correct in enacting the statute. (*Anaconda National Bank* v. *Johnson*, 75 Mont. 401, 410, 411, 244 Pac. 141, 143, 144; *Donich* v. *Johnson*, 77 Mont. 229, 250 Pac. 963.) We have also said repeatedly that it is to the interest of the public that water be conserved for use, rather than be permitted to go to waste, to the end that the arid lands of the state may be put under irrigation and thus be made productive. (*Anaconda National Bank* v. *Johnson*, supra; *Donich* v. *Johnson*, supra; *Allen* v. *Petrick*, 69 Mont. 373, 222 Pac. 451.) The statute contemplates that one seeking to appropriate the waters of an adjudicated stream, upon complying therewith, may do so

without regard to whether the water he seeks to appropriate is a part of the normal flow, or is flood or excess water in the stream. "Excess" or "surplus" water, as these words are used by water-right lawyers, mean simply water which is flowing in the stream in addition to what may be termed adjudicated waters. The purpose of the law-making body in enacting the statutes relating to the appropriation of water in an adjudicated stream was to avoid useless water suits (again involving the entire subject matter), to provide security for those whose water rights already have been adjudicated, to compel those who seek the establishment of a water right in an adjudicated stream to take that water right subject to rights already fixed and determined, after bona fide litigation, by the decree of a competent court. But when the new water right is allowed it is governed by all the provisions of the decree just as if the appropriator had been a party to the original decree. He has the right to use the waters of the stream in the order of his juniority.

The original decree provided, consistently with section 7097, Revised Codes 1921, "that the owner or owners of the several ditches and water rights enumerated herein shall turn the water back into the contributing stream or other source of supply from whence the same is being diverted, when the same is not being actually needed and used for some beneficial and useful purpose." Whenever the owners of the superior water rights in this decree have no use for the water, or are not making use of it for a useful and beneficial purpose, it is the right of the plaintiff here to use the same by virtue of his junior appropriation. He may divert and use the water to which he is entitled as of date April 14, 1928, when he does not interfere with the superior rights of others.

As illustrative: It appears that three of the early rights, aggregating 650 inches, are confined exclusively to placer mining purposes. There may be years when no placer mining whatever is being done by the use of the waters of Ophir Creek. In the process of time when the placer mines no longer

yield up their auriferous treasures, there will not be any use. for these water rights. When the same are not required for use in placer mining, the waters must be allowed to flow in the stream, subject to capture by other users upon the stream in the order of their priority.

It follows that no unusual restrictions should be placed upon ▋ the new water right of the plaintiff. He is entitled to the use of the waters of Ophir Creek exactly as if his appropriation had been adjudicated in the original decree rather than in the decree which has been entered under the provisions of the statute relating to the appropriation of water upon adjudicated streams. He is simply a junior appropriator, with the rights and the disabilities of one who may use water from a stream subject to the superior rights of others.

In view of the court's interpretation of the law as applied to finding of fact No. 15 and conclusion of law No. 3, as expressed in its order overruling plaintiff's exceptions (which order is a part of the record whether it belongs there or not), and the fact that these pronouncements are a part of the decree, we are constrained to believe that the provision in the decree, above quoted, rather than tending to clarify the situation, tends to confuse it—it muddies the water. The restrictions imposed in finding No. 15 and conclusion No. 3 are unwarranted. The decree in this proceeding should contain provisions respecting the use of the water as between senior and junior appropriators consistent with those set forth in the original decree.

The cause is remanded to the district court of Powell county, with directions to modify the decree in accordance with this opinion. Plaintiff shall recover his costs upon this appeal.

ASSOCIATE JUSTICES MATTHEWS, GALEN, FORD and ANGSTMAN concur.